**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**WILBERT HURST,**

> **Plaintiff,**

**vs.**                                     **Case No.  4:18cv237-RH/CAS**

**CENTURION OF FLORIDA, et al.,**

> **Defendants.**
> _____/


## REPORT AND RECOMMENDATION

Recently, the pro se Plaintiff filed a second amended complaint, ECF No. 26, and a motion requesting permission to surpass the page limit, ECF No. 27.  Plaintiff's motion was granted and he was permitted to file the second amended complaint, ECF No. 26.  However, after reviewing Plaintiff's second amended complaint as required by 28 U.S.C. § 1915A, an Order was entered directing Plaintiff to file a third amended complaint by January 9, 2019.  ECF No. 28.

In the course of reviewing this case, it is noted that when Plaintiff initiated this litigation in May 2018, he filed a complaint, ECF No. 1, and a

motion for preliminary injunctive relief, ECF No. 2. No ruling has been entered on that motion.

Plaintiff seeks an Order which will require the "Defendants to provide Plaintiff with an operation to repair their botched surgery to his hand which has left Plaintiff with a deformity that, if left as it is, will permanently deprive Plaintiff of full use of his hand . . . ." ECF No. 2 at 1. His motion details the facts which were alleged in the original complaint, explaining that after he broke his right hand, he experienced delay in obtaining treatment, x-rays, and surgery. ECF No. 2. Surgery was eventually performed on March 30, 2017, 84 days after the injury, but it left him in "constant pain and unable to make a fist." *Id.* at 5. Plaintiff alleged that Dr. Perez-Lugo was aware of the need for "corrective surgery," but expressed doubt that "a second surgery would be approved by the Medical Director." *Id.*

Plaintiff contends that he still experiences pain and has an obvious need for surgery. *Id.* at 6. He says that his hand is still swollen and he is suffering "psychologically about his future in having to survive in the violent prison environment unable to defend himself . . . ." *Id.* He also states that because he cannot close his hand, he is unable to engage in "physical activities such as basketball, volleyball, or flag football" as he used to enjoy

Case No. 4:18cv237-RH/CAS

and keep physically fit.  *Id.* at 6-7.  He seeks an injunction which would require the Defendants "to repair the damage done to Plaintiff through their botched surgery."  *Id.* at 9.

Plaintiff's original complaint seeks preliminary and permanent injunctions as well as compensatory and punitive damages.  ECF No. 1 at 19.  Notably, Plaintiff's second amended complaint (which is currently the operative pleading) also seeks injunctive relief as well as compensatory and punitive damages.  ECF No. 26 at 21-22.

Granting or denying a preliminary injunction is a decision within the discretion of the district court.  Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997) (citing United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983)).  Preliminary injunctive relief may be granted only if the moving party establishes:

(1) a substantial likelihood of success on the merits;

(2) a substantial threat of irreparable injury unless the injunction issues;

(3) the threatened injury to the movant outweighs whatever harm the proposed injunction may cause the opposing party; and

(4) granting the injunction would not be adverse to the public interest.

Keeton v. Anderson–Wiley, 664 F.3d 865, 868 (11th Cir. 2011); Carillon

Importers, Ltd., 112 F.3d at 1126; United States v. Jefferson Cnty., 720

F.2d 1511, 1519 (11th Cir. 1983).  To be entitled to a preliminary injunction,

a plaintiff must demonstrate all four prerequisites.  Siegel v. LePore, 234

F.3d 1163, 1176 (11th Cir. 2000); Jefferson Cnty., 720 F.2d at 1519 (citing

Canal Auth. v. Callaway, 489 F.2d 567 (5th Cir. 1974)).

In this case, Plaintiff has not demonstrated irreparable injury.

"Irreparable injury 'is the *sine qua non* of injunctive relief.'"  Siegel, 234

F.3d at 1176 (quoted in Jernard v. Commissioner, Ga. Dep't of Corrs., 457

F.App'x 837, 839 (11th Cir. 2012)).  Here, Plaintiff has specifically, and

consistently, requested compensatory and punitive damages.  The

availability of monetary damages means that Plaintiff has not shown

irreparable injury.  Jefferson Cnty., 720 F.2d at 1520 (finding "[t]he

possibility that adequate compensatory or other corrective relief will be

available at a later date, in the ordinary course of litigation, weighs heavily

against a claim of irreparable harm.").  Thus, Plaintiff's motion for

preliminary injunctive relief, ECF No. 2, should be denied.  If Plaintiff is

entitled to such relief, it may be awarded at the conclusion of this litigation,

but not at the beginning.[1]

It is respectfully **RECOMMENDED** that Plaintiff's motion for a

temporary restraining order and preliminary injunction, ECF No. 2, be

**DENIED** and this case **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on December 19, 2018.


 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

---

[1] At present, Plaintiff's complaint has not yet been served on the named Defendants and the Court is awaiting receipt of Plaintiff's third amended complaint.  *Id.*

Case No. 4:18cv237-RH/CAS