**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

| | |
|---|---|
| **WILBERT HURST,**<br><br>      **Plaintiff,**<br><br>vs.<br><br>**CENTURION OF FLORIDA, LLC, et al.**<br><br>      **Defendants.** | **Case No.: 4:18-cv-00237-RH/CAS** |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS CENTURION OF FLORIDA, LLC, DR. ERROL E. CAMPBELL, AND DR. ELLIOT E. PEREZ-LUGO**

Defendants Centurion of Florida, LLC, ("Centurion"), Dr. Errol E. Campbell (incorrectly named in the Complaint as "Dr. Erron Campbell) and Dr. Elliot E. Perez-Lugo (incorrectly named in the Complaint as "Dr. E. Perez-Lugo), file their Answer and Affirmative Defenses to Plaintiff Wilbert Hurt's ("Plaintiff") Third Amended Complaint (Doc. 36), and in support thereof, state the following:

**ANSWER**

Without waiving any of the defenses asserted herein, Defendants answer the Complaint's allegations, paragraph by paragraph, as follows:

**I.    JURISDICTION AND VENUE**

**1.**    The allegations in Paragraph 1 state conclusions of law to which no response is required. To the extent a response is required, Defendants deny this Court has jurisdiction over this matter.

**2.**    The allegations in Paragraph 2 do not require a response. To the extent a response is required, Defendants deny Paragraph 2.

## II. PARTIES

### PLAINTIFF

**3.** The allegations in Paragraph 3 do not require a response. To the extent a response is required, Defendants deny Paragraph 3.

### III. DEFENDANTS

**4.** Defendants admit that Defendant Centurion does business in Florida and contracts with the Florida Department of Corrections to provide medical care to inmates. Defendants deny the remaining allegations of Paragraph 4.

**5.** Defendants admit that Defendant Dr. Perez-Lugo is currently Medical Director at Columbia Correctional Institution and was formerly Medical Director at Union Correctional Institution. Defendants deny the remaining allegations of Paragraph 5.

**6.** Defendants admit that Defendant Dr. Campbell is Regional Medical Director. Defendants deny the remaining allegations of Paragraph 6.

**7.** Defendants deny the allegations in Paragraph 7.

**8.** Defendant lacks sufficient information to admit or deny the allegations in Paragraph 8, and therefore deny same.

**9.** Defendant lacks sufficient information to admit or deny the allegations in Paragraph 8, and therefore deny same.

**10.** Defendants deny the allegations in Paragraph 10.

## IV. STATEMENT OF FACTS

**11.** Defendants deny the allegations in Paragraph 11.

**12.** Defendant lacks sufficient information to admit or deny the allegations in Paragraph 12, and therefore deny same.

13. Defendants deny the allegations in Paragraph 13.

14. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 14, and therefore deny same.

15. Defendants deny the allegations in Paragraph 15.

16. Defendants deny the allegations in Paragraph 16.

17. Defendants deny the allegations in Paragraph 17.

18. Defendants deny the allegations in Paragraph 18.

19. Defendants deny the allegations in Paragraph 19.

20. Defendants deny the allegations in Paragraph 20.

21. Defendants deny the allegations in Paragraph 21.

22. Defendants deny the allegations in Paragraph 22.

23. Defendants deny the allegations in Paragraph 23.

24. Defendants deny the allegations in Paragraph 24.

25. Defendants deny the allegations in Paragraph 25.

26. Defendants deny the allegations in Paragraph 26.

27. Defendants deny the allegations in Paragraph 27.

28. Defendants deny the allegations in Paragraph 28.

29. Defendants deny the allegations in Paragraph 29.

30. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 30, and therefore deny same.

## V.   LEGAL CLAIMS

31. Defendants hereby reincorporate by reference their answers to the allegations contained in Paragraphs 1 through 30 above, as if fully set forth herein.

**32.**	Defendants deny the allegations in Paragraph 32.

**33.**	Defendants deny the allegations in Paragraph 33.

**34.**	Defendants deny the allegations in Paragraph 34.

**35.**	The allegations in Paragraph 35 are directed at a defendant other than Defendants Centurion, Dr. Campbell, and Dr. Perez-Lugo, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 35.

**36.**	The allegations in Paragraph 36 are directed at a defendant other than Defendants Centurion, Dr. Campbell, and Dr. Perez-Lugo, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 36.

**37.**	The allegations in Paragraph 37 are directed at a defendant other than Defendants Centurion, Dr. Campbell, and Dr. Perez-Lugo, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 37.

## VI.     PRAYER FOR RELIEF

**38.**	Defendants deny the allegations in Paragraph 38.

**39.**	Defendants deny the allegations in Paragraph 39.

**40.**	Defendants deny the allegations in Paragraph 40.

**41.**	Defendants deny the allegations in Paragraph 41.

**42.**	Defendants deny the allegations in Paragraph 42.

**43.**	Defendants deny the allegations in Paragraph 43.

**44.**	Defendants deny the allegations in Paragraph 44.

**45.**	Defendants deny the allegations in Paragraph 45.

**46.**	Defendants deny the allegations in Paragraph 46.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted and should therefore be dismissed under Federal Rule of Civil Procedure 12(b)(6).

### SECOND DEFENSE

Plaintiff's Complaint fails to state facts against Defendants which would rise to the level of a constitutional or statutory deprivation under the laws of the United States, the Constitution of the United States, the laws of Florida, or the Constitution of Florida.

### THIRD DEFENSE

Defendants specifically assert and invoke all defenses available to them as set forth in Fed. R. Civ. P. 12(b)(1) through 12(b)(7) for which a good faith legal and/or factual basis exists or may exist.

### FOURTH DEFENSE

Defendants did not violate Plaintiff's Constitutional Rights.

### FIFTH DEFENSE

Plaintiff's Complaint is barred to the extent Plaintiff failed to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e (a).

### SIXTH DEFENSE

Defendants are not responsible for the acts and omissions of any other person.

### SEVENTH DEFENSE

The facts having not been developed, Defendants, to the extent applicable, asserts all affirmative defenses listed in Rule (8)(c)(1) of the Federal Rules of Civil Procedure, which includes: accord and satisfaction, arbitration and award, assumption of risk, contributory

negligence, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, and waiver.

## EIGHTH DEFENSE

The damages allegedly suffered by Plaintiff, if any, were the result of the Plaintiff's own acts.

## NINTH DEFENSE

Defendants assert any alleged conduct or omission on its part was not the cause of injury alleged by Plaintiff.

## TENTH DEFENSE

Plaintiff's claims against Defendants are barred in whole or in part, because Plaintiff's injuries, if any, were caused by an independent intervening cause(s) which Defendants did not control, have a right to control, or have any influence over.

## ELEVENTH DEFENSE

Defendants at all times acted in conformity with or exceeded the applicable minimally acceptable standard of care, which would be rendered by a reasonably prudent person under the same or similar circumstances.

## TWELFTH DEFENSE

Defendants are immune under the federal doctrine of qualified immunity.

## THIRTEENTH DEFENSE

Defendants are immune under Florida State Law.

## FOURTEENTH DEFENSE

Defendants plead all applicable provisions of the Prison Litigation Reform Act as a bar to Plaintiff's claims, and as a limitation of liability which is denied.

## FIFTEENTH DEFENSE

Defendants assert that some or all of Plaintiff's claims are barred by the applicable statute of limitations.

## SIXTEENTH DEFENSE

Plaintiff's claims for punitive damages are barred to the extent that they are based upon conduct unrelated to Plaintiff's alleged harm.

## SEVENTEENTH DEFENSE

Defendants deny liability for any award of punitive damages not based solely on the specific allegations of Defendants' conduct made the subject of this lawsuit and that allegedly impacted Plaintiff, because consideration of other conduct would subject Defendants to impermissible multiple punishments for the same conduct, in violation of the Fifth and Fourteenth Amendments to the United States Constitution and the comparable provisions of the Florida Constitution.

## EIGHTEENTH DEFENSE

Plaintiff's claims for punitive damages are barred to the extent they are predicated on lawful conduct by Defendants.

## NINETEENTH DEFENSE

Plaintiff's claims for punitive damages are barred or limited by Section 768.73, Florida Statutes.

## TWENTIETH DEFENSE

Plaintiff's claims for punitive damages cannot be sustained because an aware of punitive damages exceeding the limits authorized by the criminal laws or other comparable laws of Florida would violate Defendants' due process and equal protection rights guaranteed by the Fifth and

Fourteenth Amendments of the United States Constitution and the comparable provisions of the Florida Constitution, and would be improper under the law and public policies of the State of Florida.

### TWENTY-FIRST DEFENSE

Any award of punitive damages that is disproportionate to the amount of actual damages that does not bear a reasonable relationship to actual damages and that does not correlate to the actual cause of any injury violates Defendants' rights under the Due Process clause of the Fourteenth Amendment to the United States Constitution and the comparable provisions of the Florida Constitution.

### TWENTY-SECOND DEFENSE

Plaintiff's claims for punitive damages cannot be sustained under Florida law because any award of punitive damages, without the apportionment of the award separately and severally between or among the alleged joint tortfeasors, as determined by the alleged percentage of the wrong committed by each alleged tortfeasor, would violate Defendants' due process rights and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and the comparable provisions of the Florida Constitution, and would be improper under the common law and public policies of Florida.

### RESERVATION OF DEFENSES

Defendants reserve the right to affirmatively plead any and all other defenses and affirmative defenses available to it which may become applicable through discovery and during the trial of this cause.

### GENERAL DENIAL

To the extent not expressly admitted above, Defendants deny each and every other

allegation in the Complaint which makes a claim against it. Defendants deny any claim or allegation that it committed any wrongful act or omission, or otherwise committed any wrong against Plaintiff. Defendants further deny any claim or allegation that they denied Plaintiff needed medical care or that it acted with deliberate indifference to any serious medical need of Plaintiff. Defendants also deny that they denied Plaintiff due process or any other right. Defendants further deny that the Plaintiff is entitled to any relief whatsoever.

      /s/ Mary Ann Couch
Mary Ann Couch
R. Craig Mayfield
*Attorneys for Defendants*
*Centurion of Florida, LLC, Dr. Errol E. Campbell*
*and Dr. Elliot E. Perez-Lugo*

OF COUNSEL:
R. Craig Mayfield (Fla. Bar No. 0429643)
Mary Ann Couch (Fla. Bar No. 0098917)
Bradley Arant Boult Cummings LLP
100 North Tampa Street, Suite 2200
Tampa, Florida 33602
Tel: (813) 559-5500
Fax: (813) 229-5946
cmayfield@bradley.com
macouch@bradley.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 8, 2019, I electronically filed the foregoing with the Clerk of the Court using the ECF system and mailed the same via U.S. Mail, postage prepaid to:

Wilbert Hurst
U22029
WAKULLA CORRECTIONAL INSTITUTION ANNEX
110 MELALEUCA DRIVE
CRAWFORDVILLE, FL 32327

                                      */s/ Mary Ann Couch*
                                      OF COUNSEL