# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**WILBERT HURST,**

    **Plaintiff,**

**vs.**                                         **Case No.  4:18cv237-RH/CAS**

**CENTURION OF FLORIDA, et al.,**

    **Defendants.**

**_____/**

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, filed a third amended civil rights complaint [hereinafter "complaint"], ECF No. 36, against four named Defendants.[1]  ECF No. 39.  Defendant Ong filed a motion to dismiss Plaintiff's complaint on June 24, 2019.  ECF No. 47.  Plaintiff has filed a memorandum in opposition to the motion.  ECF No. 53.  The other named Defendants filed an answer, ECF No. 52, and discovery has recently been permitted.  This Report and Recommendation is entered to only rule on Defendant Ong's motion to dismiss.

---

[1] Plaintiff also named two Jane Doe Defendants, but service will not be directed on those Defendants until they are identified and located.

**Allegations of the Complaint, ECF No. 36**[2]

Plaintiff sustained a broken hand on January 5, 2017, in a fight with another inmate. ECF No. 36 at 3. It took until January 20, 2017, for Plaintiff's injury to be diagnosed and Plaintiff was not transported to the Reception and Medical Center until February 15, 2017. *Id.* at 5-6. There, Plaintiff was examined by Defendant Ong, and "urgent" surgery was scheduled for the next day. *Id.* at 6. Plaintiff alleged that later that day, the "transporting officer" told Plaintiff that "his surgery was postponed for the following week." *Id.* Plaintiff was not given an explanation, but contends that Defendant Ong, as the attending physician, "would have known that the surgery was postponed." *Id.* Plaintiff also contends that only the physician who is scheduled to perform a surgery "has the authority to postpone that surgery." *Id.* Thus, Plaintiff alleges that Defendant Ong "recklessly postponed[3] a surgery that he himself considered urgent, without

---

[2] An abbreviated summary of Plaintiff's allegations are presented to focus only on Plaintiff's interaction with Defendant Ong, a "plastic surgeon at the RMC." ECF No. 36 at 9.

[3] Plaintiff also states that "[t]he plausible reason" for postponing the "surgery was not having enough plastic surgeons at the RMC, to do the caseload of surgeries." ECF No. 36 at 6. Thus, Plaintiff acknowledges that Defendant Ong's "heavy caseload of patients caused the postponement." *Id.*

Case No. 4:18cv237-RH/CAS

making any arrangements for plaintiff to get his surgery elsewhere." *Id.* Plaintiff asserts that this constitutions deliberate indifference. *Id.*

It is unclear when Plaintiff had the surgery, but it is alleged that on June 28, 2017, Plaintiff met with Defendant Ong at RMC to have his cast removed. *Id.* at 11. Plaintiff asserts that Defendant Ong directed physical therapy twice a week for eight weeks, but Plaintiff alleges that after only four sessions, he was not approved for more physical therapy. *Id.* Plaintiff also states that Defendant Ong "had an opportunity to recommend a corrective surgery,[4] but he outright refused to meet with plaintiff after the last physical therapy session." *Id.* at 12. Plaintiff contends that a year after surgery, his hand was "still swollen with limited motion of the fingers." *Id.* Plaintiff alleges that Defendant Ong "failed to re-attach the tendon, and place a splint on the tip of the little finger of plaintiff's right hand." *Id.* at 12. He contends that he now has "a permanent 'Right Dip Mallet Deformity" because Defendant Ong cut the tendon during the surgery. *Id.* at 13. Plaintiff asserts that "he lost the use of his right hand due to the lengthy 84 day delay in receiving the botched surgery . . . ." *Id.* at 16.

---

[4] Plaintiff alleges there is a "one chance policy" which will not permit him to receive "corrective" surgery to repair the "deformity of his right hand." ECF No. 36 at 12.

Case No. 4:18cv237-RH/CAS

**Motion to Dismiss, ECF No. 47**

Defendant Ong argues that dismissal is appropriate because the complaint "is grounded in medical negligence" and Plaintiff did not comply with state law requirements to pursue such a claim. ECF No. 47 at 3. Additionally, Defendant contends that Plaintiff's complaint "should be dismissed because, other than inserting the words 'reckless' or 'deliberate indifference' several times in describing Dr. Ong's conduct . . ., the facts as alleged are entirely insufficient to establish a valid cause of action under 42 U.S.C. § 1983." Id. Defendant also asserts entitlement to qualified immunity and argues that Plaintiff's claim for injunctive relief must be dismissed since Plaintiff also "seeks to recover compensatory and other damages from Dr. Ong, which would, if valid, constitute an adequate remedy at law." Id. at 4.

**Standard of Review**

The issue on whether a complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failing to state a claim upon which relief can be granted is whether the plaintiff has alleged enough plausible facts to support the claim stated. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007) (retiring the standard from Conley v.

Case No. 4:18cv237-RH/CAS

Gibson, 355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 570, 127 S. Ct. 1955).[5] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 677 (citing Twombly, 550 U.S. at 556); see also Speaker v. U.S. Dep't of Health, 623 F.3d 1371, 1380 (11th Cir. 2010). "The plausibility standard" is not the same as a "probability requirement," and "asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 677 (quoting Twombly, 550 U.S. at 556). A complaint that "pleads facts that are 'merely consistent with' a defendant's liability," falls "short of the line between possibility and plausibility." Iqbal, 129 556 U.S. at 677 (quoting Twombly, 550 U.S. at 557).

---

[5] The complaint's allegations must be accepted as true when ruling on a motion to dismiss, Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992), cert. denied, 113 S. Ct. 1586 (1993), and dismissal is not permissible because of "a judge's disbelief of a complaint's factual allegations." Twombly, 127 S. Ct. at 1965, (quoting Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)).

The pleading standard is not heightened, but flexible, in line with Rule 8's command to simply give fair notice to the defendant of the plaintiff's claim and the grounds upon which it rests. Swierkiewicz v. Sorema, 534 U.S. 506, 122 S. Ct. 992, 998, 152 L. Ed. 2d 1 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions."). Pro se complaints are held to less stringent standards than those drafted by an attorney. Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986) (citing Haines v. Kerner, 404 U.S. 519, 520-521, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972)). Nevertheless, a complaint must provide sufficient notice of the claim and the grounds upon which it rests. Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005) (quoted in Twombly, 550 U.S. at 558). Thus, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1185 (11th Cir. 2003).

**Analysis**

To the degree Defendant Ong asserts that Plaintiff's claim for medical negligence must be dismissed, ECF No. 47 at 6, that request should be denied because Plaintiff did not assert such a state law claim. Plaintiff's

complaint presents only constitutional claims against the Defendants. Specifically, Plaintiff alleged only that Defendant Ong was deliberately indifferent to Plaintiff's medical needs in violation of the Eighth Amendment. ECF No. 36 at 17. In response to Defendant's motion, Plaintiff has again clarified that "this is a clear case of deliberate indifference from the face of the complaint, and is not one of negligence as the defendant contends." ECF No. 53 at 3.

Defendant argues that Plaintiff's complaint fails to state a cause of action under 42 U.S.C. § 1983. ECF No. 47 at 9-12. Plaintiff says that it does. ECF No. 53 at 5.

The Eighth Amendment governs the conditions under which convicted prisoners are confined and the treatment they receive while in prison. Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). The Eighth Amendment guarantees that prisoners will not be "deprive[d] ... of the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347, 101 S. Ct. 2392, 2399, 69 L. Ed. 2d 59 (1981) (quoted in Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004)). "[B]asic human necessities include food, clothing, shelter, sanitation, medical care, and personal safety." Harris v. Thigpen, 941 F.2d

1495, 1511 (11th Cir. 1991) (cited in <u>Collins v. Homestead Corr. Inst.</u>, 452 F.App'x 848, 850-851 (11th Cir. 2011)).

Deliberate indifference to serious medical needs of prisoners violates the Eighth Amendment's prohibition against cruel and unusual punishment. <u>Estelle v. Gamble</u>, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). "A serious medical need is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." <u>Farrow v. West</u>, 320 F.3d 1235, 1243 (11th Cir. 2003) (quotations omitted) (quoted in <u>Bingham v. Thomas</u>, 654 F.3d 1171, 1176 (11th Cir. 2011)). "In either of these situations, the medical need must be 'one that, if left unattended, 'pos[es] a substantial risk of serious harm.'" <u>Farrow</u>, 320 F.3d at 1243 (citation omitted); *see also* <u>Mann v. Taser Intern., Inc.</u>, 588 F.3d 1291, 1307 (11th Cir. 2009). Alternatively, "a serious medical need is determined by whether a delay in treating the need worsens the condition" or "if left unattended, poses a substantial risk of serious harm." <u>Mann v. Taser Intern., Inc.</u>, 588 F.3d 1291, 1307 (11th Cir. 2009) (citations omitted).

Defendant's motion is not clear as to whether Defendant challenges that Plaintiff had a serious medical need. Notwithstanding, the Court

Case No. 4:18cv237-RH/CAS

concludes that, at this stage of the litigation, Plaintiff did. Sufficient case law establishes that a broken bone which requires surgery is a serious medical need. Brown v. Hughes, 894 F.2d 1533, 1538 (11th Cir. 1990) (finding "a deliberate delay on the order of hours in providing care for a serious and painful broken foot is sufficient to state a constitutional claim); Harris v. Coweta Cty., 21 F.3d 388, 394 (11th Cir. 1994) (holding that delaying surgery on inmate's hand "for several weeks for a nonmedical reason may violate an inmate's constitutional rights" such that sheriff's motion to dismiss on qualified immunity grounds should have been denied). It will be assumed that Plaintiff's medical need was serious at the time he saw Defendant Ong.

It is true that deliberate indifference requires more than negligence,[6] but it is unnecessary to show a defendant intended to cause harm. Farmer v. Brennan, 511 U.S. 825, 835, 114 S. Ct. 1970, 1978, 128 L. Ed. 2d 811 (1994). Deliberate indifference requires a plaintiff to show that a defendant was subjectively reckless and consciously disregarded a substantial risk of

---

[6] "Conduct that is more than mere negligence includes: (1) grossly inadequate care; (2) a decision to take an easier but less efficacious course of treatment; and (3) medical care that is so cursory as to amount to no treatment at all." Bingham, 654 F.3d at 1176 (citing Brown v. Johnson, 387 F.3d 1344, 1451 (11th Cir. 2004)).

serious harm. Wilson v. Seiter, 501 U.S. 294, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991) (explained in Farmer, 511 U.S. at 838-40, 114 S. Ct. at 1979-80). In a claim for the denial of medical care, a plaintiff must show: "an objectively serious need, an objectively insufficient response to that need, subjective awareness of facts signaling the need, and an actual inference of required action from those facts." Taylor v. Adams, 221 F.3d 1254 (11th Cir. 2000), cert. denied, 531 U.S. 1077 (2001); Farrow, 320 F.3d at 1243. Put another way, to show a defendant acted with deliberate indifference, "a prisoner must show the prison official's: '(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence.'" Bingham, 654 F.3d at 1176 (quoting Brown v. Johnson, 387 F.3d 1344, 1351 (11th Cir. 2004) (citing McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999)).

  Here, Plaintiff alleged facts which show that Defendant Ong knew of Plaintiff's "urgent" need for surgery but intentionally delayed it due to non-medical reasons - that is, Plaintiff's assumes, due to lack of staffing. Defendant Ong also allegedly refused to meet with Plaintiff after the physical therapy ended and, despite a recommendation by Plaintiff's physical therapist, still did not re-examine Plaintiff. See ECF No. 36 at 12.

Case No. 4:18cv237-RH/CAS

A complaint alleging that a Defendant is aware of a need for medical care but refuses to provide it is sufficient to state a claim. See McElligott, 182 F.3d at 1255 (noting that an "official acts with deliberate indifference when he or she knows that an inmate is in serious need of medical care, but he fails or refuses to obtain medical treatment for the inmate") (citations omitted).

It is also true that medical malpractice does not constitute deliberate indifference. Estelle, 429 U.S. at 106, 97 S. Ct. at 292. At this stage of the litigation, however, there is an insufficient record to make such a determination. The motion to dismiss for failure to state a claim should be denied.

Defendant's assertion of qualified immunity as a basis for dismissal should also be denied. ECF No. 47 at 13. It has been sufficiently established that delay in medical care and/or the refusal to provide such care violates a prisoner's constitutional rights. Estelle, 97 S. Ct. 285 (1976); McElligott, 182 F.3d at 1255. It is also clear from Harris v. Coweta Cty., 21 F.3d 388 (11th Cir. 1994), that delaying necessary surgery for a nonmedical reason provides sufficient reasonable to deny qualified immunity.

Finally, to the degree Defendant Ong contends that Plaintiff is not entitled to injunctive relief, ECF No. 47 at 15-16, there is no need to resolve that issue at this point in the litigation.  Moreover, unlike a non-incarcerated litigant who could receive a monetary award of damages and then obtain surgery on his own, Plaintiff's ability to obtain medical care and "corrective" surgery is severely limited.  He may only receive such medical care as is permitted and provided by medical staff within the Department of Corrections.

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant Ong's motion to dismiss, ECF No. 47, Plaintiff's third amended complaint, ECF No. 36, be **DENIED** and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on September 27, 2019.

 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written**

objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). **Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.** If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.