91823-10

IN THE UNITED STATED DISTRICT COURT FOR
THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

WILBERT R. HURST,
INMATE #U22029

                                                                                     CASE NO. 4:18-cv-00237-RH-CAS

    Plaintiff,

v.

CENTRUION OF FLORIDA, LLC, an
out-of-state corporation registered and
doing business in Florida; DR.
FRANCIS ONG, in his individual and
official capacity; DR. E. PEREZ-LUGO,
in his individual and official capacity;
DR. ERRON CAMPBELL, in his
individual and official capacity; Nurse
JANE DOE I in her individual capacity,
and Nurse JANE DOE II in her
individual capacity.

    Defendants
_____/

## DEFENDANT, FRANCIS D. ONG, M.D.'S, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S THIRD AMENDED CIVIL RIGHTS COMPLAINT

COMES NOW the Defendant, FRANCIS D. ONG, M.D. ("Dr. Ong"), by and through the undersigned counsel and pursuant to this Court's November 5, 2019 Order Denying Motion to Dismiss (Doc. 66), and files this, his Answer and Affirmative Defenses to Plaintiff, WILBERT R. HURST's, Third Amended Civil Rights Complaint (Doc. 36). In support thereof, the Defendant respectfully states as follows:

### I.    JURISDICTION AND VENUE

1.    Admitted for jurisdictional purposes only; otherwise, denied.

CASE NO. 4:18-cv-00237-RH-CAS

2. The allegations in paragraph 2 are aspirational and do not require a response; to the extent a response is required, denied as framed.

## II. PARTIES

### PLAINTIFF

3. Without knowledge; therefore, denied.

## III. DEFENDANTS

4. Without knowledge; therefore, denied.

5. Without knowledge; therefore, denied.

6. Without knowledge; therefore, denied.

7. Admitted that Dr. Ong performed surgery on the Plaintiff's right hand; otherwise, denied as framed.

8. Without knowledge; therefore, denied.

9. Without knowledge; therefore, denied.

10. Denied.

## IV. STATEMENT OF FACTS

11. Without knowledge; therefore, denied.

12. Without knowledge; therefore, denied.

13. Without knowledge; therefore, denied.

14. Without knowledge; therefore, denied.

15. Without knowledge; therefore, denied.

CASE NO. 4:18-cv-00237-RH-CAS

16. Admitted to the extent that Dr. Ong diagnosed Plaintiff with a displaced overlapping comminuted fracture of the right 5th metacarpal during a visit on February 15, 2017, and requested that he be scheduled for surgery the following day; otherwise, denied.

17. Without knowledge; therefore, denied.

18. Without knowledge; therefore, denied.

19. Without knowledge; therefore, denied.

20. Denied.

21. Without knowledge; therefore, denied.

22. Denied.

23. Without knowledge; therefore, denied.

24. Without knowledge; therefore, denied.

25. With respect to the allegations specifically directed at Dr. Ong, admitted that Dr. Ong met with the Plaintiff and removed his splint on June 28, 2017; otherwise, denied as framed. With respect to all other allegations made in paragraph 25, without knowledge; therefore, denied.

26. With respect to the allegations specifically directed at Dr. Ong, denied. With respect to all other allegations made in paragraph 26, without knowledge; therefore, denied.

27. With respect to the allegations specifically directed at Dr. Ong, denied. With respect to all other allegations made in paragraph 27, without knowledge; therefore, denied.

28. With respect to the allegations specifically directed at Dr. Ong, denied. With respect to all other allegations made in paragraph 28, without knowledge; therefore, denied.

29. Without knowledge; therefore, denied.

30. Without knowledge; therefore, denied.

## V. <u>LEGAL CLAIMS</u>

31. Defendant re-alleges and incorporates herein its responses to paragraphs 1–30 of Plaintiff's Third Amended Complaint as stated herein.

32. Because the claim stated in this paragraph is not directed at Dr. Ong, no response is required. To the extent a response is deemed necessary, however, denied.

33. Because the claim stated in this paragraph is not directed at Dr. Ong, no response is required. To the extent a response is deemed necessary, however, denied.

34. Because the claim stated in this paragraph is not directed at Dr. Ong, no response is required. To the extent a response is deemed necessary, however, denied.

35. Denied.

36. Because the claim stated in this paragraph is not directed at Dr. Ong, no response is required. To the extent a response is deemed necessary, however, denied.

37. Because the claim stated in this paragraph is not directed at Dr. Ong, no response is required. To the extent a response is deemed necessary, however, denied.

## VI. <u>PRAYER FOR RELIEF</u>

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

CASE NO. 4:18-cv-00237-RH-CAS

45. Denied.

46. Denied.

## AFFIRMATIVE DEFENSES

### AFFIRMATIVE DEFENSE ONE

Defendant states Plaintiff was guilty of negligence and Plaintiff's negligence was the sole, proximate cause or contributing cause of the damages complained of and the recovery, if any, should be barred or reduced proportionately pursuant to the doctrine of comparative negligence. At this stage of the discovery, Defendant is unaware of all acts of negligence of the Plaintiff that caused or contributed to the alleged incident, and this defense has been pled so as to avoid a later claim of waiver. If/when Defendant becomes aware of additional acts of comparative negligence, they will be timely disclosed to Plaintiff to avoid any unfair prejudice. Defendant reserves the right to amend this Affirmative Defenses as information and evidence becomes available or appears during discovery.

### AFFIRMATIVE DEFENSE TWO

Plaintiff fails to state a cause of action upon which relief can be granted.

### AFFIRMATIVE DEFENSE THREE

Plaintiff has failed to state a cause of action because there is no causal connection between Plaintiff's claimed injuries and action or inaction by Defendant as required for liability under 42 U.S.C. §1983.

### AFFIRMATIVE DEFENSE FOUR

Defendant is entitled to qualified immunity for his actions relative to the incident set forth in Plaintiff's Third Amended Complaint.

CASE NO. 4:18-cv-00237-RH-CAS

## AFFIRMATIVE DEFENSE FIVE

Plaintiff's causes of action are barred to the extent that he failed to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a).

## AFFIRMATIVE DEFENSE SIX

Plaintiff's claim for damages is barred pursuant to the Prison Litigation Reform Act (PLRA) based on lack of a physical injury as a result of the alleged actions by Defendant.

## AFFIRMATIVE DEFENSE SEVEN

Defendant is entitled to all limitations of liability and damages, as set forth in Chapters 766 and 768, Florida Statutes, including but not limited to § 768.81, §768.76, §768.78, among others.

## AFFIRMATIVE DEFENSE EIGHT

Defendant relies upon the rights, remedies, and prescriptions of Florida Statute 768.78.

## AFFIRMATIVE DEFENSE NINE

Defendant submits that Plaintiff failed to mitigate damages, and as such, they should be reduced accordingly.

## AFFIRMATIVE DEFENSE TEN

Pursuant to the doctrine of avoidable consequences and Plaintiff's duty to mitigate damages, any evidence of past and future medical expenses should be limited to those amounts allowed under Medicare, Medicaid, and/or the Affordable Care Act. Alternatively, Defendant is entitled to a setoff for amount beyond Medicare, Medicaid, and/or Affordable Care Act Guidelines.

CASE NO. 4:18-cv-00237-RH-CAS

## AFFIRMATIVE DEFENSE ELEVEN

If there was any negligence, tort, or intentional tort that caused or contributed to the injury or damages of the Plaintiff, it was solely the result of negligence or improper action on the part of third parties who were not under the care, custody, control or supervision of this Defendant, and therefore, Plaintiff cannot recover against this Defendant.

## AFFIRMATIVE DEFENSE TWELVE

The Plaintiff named several Co-Defendants in this action and has alleged their negligent conduct was the proximate cause of injury to the Plaintiff. Although this Defendant is not making such a contention at this time, this Defendant reserves the right to adopt and incorporate these allegations as an Affirmative Defense should the Co-Defendants settle with the Plaintiff or otherwise be dismissed prior to trial.

## AFFIRMATIVE DEFENSE THIRTEEN

Defendant specifically claims any credit or set-off to which it may be entitled for any and all payments paid or payable to the Plaintiffs for any damages alleged in the Plaintiff's Third Amended Complaint from any collateral source whatsoever.

## AFFIRMATIVE DEFENSE FOURTEEN

Plaintiffs' recovery, if any, of medical damages or other economic damages is limited to that which was reasonable, related and attributable to this defendant only. Any excessive or reasonably avoidable damages are not recoverable due to a failure to mitigate or lack of proximate cause.

CASE NO. 4:18-cv-00237-RH-CAS

## AFFIRMATIVE DEFENSE FIFTEEN

The actions taken by Defendant about the incident were reasonable upon objective evaluation and not so grossly disproportionate to the need to take those actions to warrant recovery under 42 U.S.C. § 1983.

## AFFIRMATIVE DEFENSE SIXTEEN

Defendant affirmatively adopts all defenses which have been filed or may be filed from any other Defendant in this action to the extent those defenses are not inconsistent with this Defendant's defenses, as set forth herein.

## DEMAND FOR JURY TRIAL

Defendant, FRANCIS D. ONG, M.D., demands a trial by jury for all issues so triable.

Respectfully submitted,

/s/ Richard E. Ramsey
Richard E. Ramsey, Esquire
Florida Bar No. 715026
WICKER SMITH O'HARA MCCOY & FORD, P.A.
50 N. Laura St., Suite 2700
Jacksonville, FL  32202
Phone:  (904) 355-0225
Fax:     (904) 355-0226
JAXcrtpleadings@wickersmith.com
*Attorneys for Defendant Francis D. Ong, M.D.*

CASE NO. 4:18-cv-00237-RH-CAS

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a copy hereof has been electronically filed through CM/ECF to Mary Ann Couch, macouch@bradley.com; Robert Craig Mayfield, cmayfield@babc.com; and furnished by United States Mail to Wilbert R. Hurst, U22029, Wakulla Correctional Institution Annex, 100 Melaleuca Drive, Crawfordville, Florida 32327; on this 19th day of November, 2019.

/s/ Richard E. Ramsey
Richard E. Ramsey, Esquire