91823-10

## IN THE UNITED STATED DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

WILBERT R. HURST,
INMATE #U22029

CASE NO. 4:18-cv-00237-RH-CAS

    Plaintiff,

v.

DR. FRANCIS ONG, et al.,

    Defendants

_____/

## DEFENDANT, FRANCIS D. ONG, M.D.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

The Defendant, Francis D. Ong, M.D. (hereinafter "Defendant" or "Dr. Ong"), by and through his undersigned counsel and pursuant to this Court's Order dated March 31, 2020, respectfully submits this, his Memorandum in Opposition to Plaintiff, Wilbert R. Hurst's Motion for Partial Summary Judgment dated March 24, 2020 ("MPSJ"). (ECF No. 83.) For the reasons stated below, Dr. Ong respectfully requests that this Court deny Plaintiff's MPSJ:

### I.    Introduction

Plaintiff's operative, Third Amended Complaint asserts causes of action under 42 U.S.C. § 1983 against several Defendants associated with the Florida

Department of Corrections for various alleged violations of the civil rights he has guaranteed by the Eighth Amendment to the United States Constitution. (ECF No. 36.) Generally, Plaintiff seeks to recover from Dr. Ong and the other Defendants for injuries he says resulted from their "deliberate indifference" in treating, or failing to treat, a broken right hand he suffered during a January 5, 2017 fight with another inmate while incarcerated at Union Correctional Institution ("UCI") in Raiford, Florida. (Id. at 3-4, 17.)

Because Plaintiff's claims against Dr. Ong are based in mere conjecture and lack the factual support required to prove his case at trial, he is not entitled to summary judgment, and his MPSJ should necessarily be denied.

## II.     Statement of Undisputed Material Facts[1]

On January 5, 2017, Hurst injured the fifth metacarpal in his right hand while fighting with another inmate incarcerated at UCI. (ECF No. 36 at 3.) After attending a series of medical appointments with UCI's in-house physicians and

---

[1] Because, at least with regard to Dr. Ong, the "Statement of the Facts" portion of Plaintiff's MPSJ merely restates the allegations of his Third Amended Complaint, which were thoroughly addressed in the Motion for Final Summary Judgment Dr. Ong filed on March 27, 2020 ("Ong MSJ," ECF No. 84), in an effort to avoid unnecessarily burdening the Court with repetitive filings that regurgitate the same factual information, the undersigned hereby incorporates the Statement of Undisputed Facts laid out in the Ong MSJ into the instant Memorandum In Opposition to Plaintiff's MPSJ. In consideration of Local Rule 56.1(C)'s requirement that such a "memorandum must respond to the moving party's statement of facts as would be appropriate in an appellate brief," however, (N.D. Fla. Loc. $. 56.1(C)), Dr. Ong includes the below facts, specifically pared to address only his own involvement in the Plaintiff's care and treatment.

nursing staff over the ensuing several weeks, Plaintiff's initial visit with Dr. Ong occurred on February 15, 2017, some 41 days after the initial injury. (See ECF 36 at 5-6; ECF 83 at 2-6; and Ong Aff. ¶ 2.[2]) After diagnosing an overlapping fracture of the Plaintiff's right fifth metacarpal and deeming the injury "urgent for surgery," Dr. Ong received the Plaintiff's signed consent to undergo an open reduction and internal fixation procedure, which he expected could be completed the following day. (Ong Aff. ¶¶ 2-3.) After the consultation of February 15, 2017, Dr. Ong submitted a "Request for Pre-Approval of Health Care Services" form for surgery February 16, 2017, which the Florida Department of Corrections requires before approval such a procedure on one of its inmates. (See id.; see also ECF 1-1, at 15.)

On February 16, 2017, Dr. Ong held surgical hours in the Reception and Medical Center's Mobile Surgery Unit, where he stood ready, willing, and able to conduct the operation he himself had deemed "urgent" just the day before. (Ong Aff. ¶ 3.) However, the Plaintiff was never presented to him that day, and Dr. Ong would not see or hear from him until March 30, 2017, when surgery would ultimately occur. (Id. at ¶ 5.) After a successful operation, Plaintiff was prescribed

---

[2] Dr. Ong signed an affidavit in support of his Motion for Final Summary Judgment (ECF 84), both of which were filed March 27, 2020.

CASE NO. 4:18-cv-00237-RH-CAS

antibiotics, pain medication and calcium supplements, and provided a hand and wrist splint to wear until the bone healed. (Id.)

Dr. Ong saw the Plaintiff for three post-operative appointments, which occurred on April 19, 2017; May 24, 2017; and June 28, 2017, respectively. At the conclusion of the June 28, 2017 visit, Dr. Ong recommended that the Plaintiff undergo a course of physical therapy, to include two visits per week for eight weeks, and return to the clinic for another follow-up after completion of the same. (ECF 36 at 11; Ong Aff. ¶ 8.) This order approved on July 10, 2017 (ECF 1-1 at 37), and is reiterated in a "Consultant's Report" completed by physical therapist John Palmer, PT, on August 1, 2017. (see id. at 38) (noting under the "Additional History" heading that "6-28-2017 Dr. Ong ordered PT and [follow-up] after completing [physical therapy]," and under the "Recommendations" heading that the Plaintiff should return to the "hand clinic with Dr. Ong after [physical therapy] completed.")

Despite these recommendations, the Plaintiff was never returned to Dr. Ong for treatment or evaluation after their final visit of June 28, 2017. (Ong Aff. ¶ 9.) Because he was not copied on pertinent physical therapy records, Dr. Ong was unaware that the prescription he had written on June 28, 2017 had gone unfulfilled.

CASE NO. 4:18-cv-00237-RH-CAS

(Id.) He has not been asked to see or otherwise evaluate the Plaintiff at any point in the time since the visit of June 28, 2017. (Id. at ¶ 10.)

**III.    Argument and Citations to Authority**

Plaintiff's MPSJ is ripe for denial for the same reasons Dr. Ong's Motion for Summary Judgment, filed March 27, 2020 (ECF No. 84), should be granted. To prevail on his claims against Dr. Ong here, for deprivation of constitutional rights he is afforded under the Eight Amendment, the Plaintiff must ultimately prove two things: (i) that he had a serious medical need; and (ii) that Dr. Ong's acts or omissions rose to the level of deliberate indifference to that need. Estelle v. Gamble, 429 U.S. 97, 104 (1976).

Here, the Dr. Ong does not dispute that the Plaintiff's condition, when the two initially met on February 15, 2017, constituted a serious medical need. However, because Plaintiff has not produced, and in fact cannot produce, any evidence showing that Dr. Ong was deliberately indifferent to that serious medical need, his claim fails altogether. To establish a claim for deliberate indifference stemming the denial of medical care—which each of the Plaintiff's various allegations against Dr. Ong necessarily do here—a plaintiff must show "an objectively serious need, an objectively insufficient response to that need, subjective awareness of facts signaling the need, and an actual inference of

required action from those facts." <u>Taylor v. Adams</u>, 221 F. 3d 1254 (11th Cir. 2000), cert. denied, 531 U.S. 1077 (2001)). Thus, in proving his case here, the Plaintiff is required to show Dr. Ong's: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence." <u>Brown v. Johnson</u>, 387 F. 3d 1344, 1351 (11th Cir. 2004).

Generally, Plaintiff's allegations against Dr. Ong focus on his alleged (i) role in delaying the Plaintiff's surgery, and (ii) refusal to treat the Plaintiff after the fact.[3] With respect to the former, Plaintiff supports his MPSJ with so-called "undisputed facts" that Dr. Ong "recklessly postponed the surgery without making a referral to another medical facility. . . because he already had five other inmates scheduled for surgery that day and/or there were not enough surgeons for that day"

---

[3] While additional allegations focus on supposed deficiencies in the level of care the Plaintiff received from Dr. Ong, case law is clear that medical malpractice, even where present (which Dr. Ong vehemently disputes here), does not constitute deliberate indifference sufficient to support a claim under Section 1983. <u>Estelle</u>, 429 U.S. at 105-106. As the U.S. Supreme Court noted in <u>Estelle</u>:

> [I]n the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.' Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.

<u>Id</u>. (quoting <u>Gregg v. Georgia</u>, 428 U.S. 153, 173 (1976), <u>Palko v. Connecticut</u>, 302 U.S. 319, 323 (1937)).

CASE NO. 4:18-cv-00237-RH-CAS

(ECF No. 83, at 8); and that Dr. Ong's "two day schedule of working at the Regional Medical Center was inadequate for the case load of patients he had on or about February 18, 2017. . . [and] therefore he should have made a referral to another medical facility for Plaintiff to receive his surgery" (Id., at 9.) Whatever the reason might have been for the delay in the Plaintiff's surgery, the record makes clear that Dr. Ong had nothing to do with the same, but rather pressed for the operation to occur as soon as possible after their first consultation, submitting a Request for Pre-Approval of Health Care Services form the same day, which specifically indicated that the procedure was "urgent for surgery tomorrow," February 16, 2017. (ECF 1-1, at 15; Ong Aff., at ¶ 2.) Dr. Ong was not at all too busy to conduct the Plaintiff's surgery on February 16, 2017, which he expected to do, and was surprised when the Plaintiff did not present for the same. (Id., at ¶¶ 3-4.) Plaintiff is unable to prove that Dr. Ong's conduct rose to the level of deliberate indifference, in violation of his Eighth Amendment rights.

With respect to the allegations focusing on Dr. Ong's acts or omissions after the surgery, Plaintiff supports his MPSJ only with so-called "undisputed facts" that Dr. Ong "either failed or refused to follow-up with Plaintiff after his last physical therapy treatment." (Id.) That this support is presented as an "either or" proposition shows in itself that the Plaintiff lacks the evidence required to prove his claim, as

CASE NO. 4:18-cv-00237-RH-CAS

deliberate indifference would require Dr. Ong to have "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence," which is clearly not established. <u>Brown v. Johnson</u>, 387 F. 3d 1344, 1351 (11th Cir. 2004). More substantively, Plaintiff's claims that Dr. Ong "outright refused" to meet with him at the conclusion of his post-operative physical therapy regimen are similarly insufficient. A Section 1983 complainant must support his claim with specific facts demonstrating a constitutional deprivation. Schultea v. Wood, 47 F.3d 1427, 1433 (5th Cir. 1995). He may not simply rely on conclusory allegations. Id. Here, as made clear in the above recitation of pertinent facts, the Plaintiff's post-operative claims are based on his subjective belief that Dr. Ong definitively declined requests for re-evaluation made by both Dr. Perez-Lugo and physical therapist John Palmer, PT.

This belief is nonsensical with respect to Mr. Palmer, who simply recommended—in a Consultant's Report form signed August 1, 2017, nearly two full months before the Plaintiff's final physical therapy appointment of September 26, 2017 (ECF 1-1 at 37)—that the Plaintiff be seen by Dr. Ong at the eventual conclusion of therapy, reiterating the exact same recommendation that had been made by Dr. Ong himself more than a month before. In no way does this establish that Dr. Ong was ever asked to meet with him after therapy had been completed, or

CASE NO. 4:18-cv-00237-RH-CAS

that he "outright refused" to do so, as is alleged. Similarly, Plaintiff admits that he has no evidence to show that the form purportedly completed by Dr. Perez-Lugo on November 17, 2017 (id. at 38), was ever submitted to Dr. Ong. (Hurst Dep. 35:17-36:2.) In the only bit of hard evidence on this point one way or the other, Dr. Ong adamantly disputes that he was asked to see the Plaintiff at any point after their final consultation of June 28, 2017. (Ong Aff. ¶ 10.)

## IV.    Conclusion

Here, the Plaintiff is plainly unable to establish any amount of evidence from which it could be inferred that Dr. Ong displayed deliberate indifference to his medical condition at any point, whether pre- or post-operatively. Rather, the record is completely devoid of any factual evidence that there was a constitutional violation related to any action or inaction by Dr. Ong. Because the Plaintiff is plainly unable to meet the requirements to state a valid cause of action against Dr. Ong under 42 U.S.C. § 1983, his Motion for Partial Summary Judgment must be denied.

Dated:        5/1/2020

Respectfully submitted,

/s/ Jadie R. Mims, IV
Richard E. Ramsey, Esquire
Florida Bar No. 715026

CASE NO. 4:18-cv-00237-RH-CAS

Jadie R. Mims IV, Esquire
Florida Bar No. 1002318
*Wicker Smith O'Hara McCoy & Ford, P.A.*
*Attorneys for Francis D. Ong, M.D.*

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court via CM/ECF this 1st day of May, 2020; as well as served to Plaintiff, Wilbert R. Hurst, U22029, via U.S. Mail to the Wakulla Correctional Institution Annex, 100 Melaleuca Drive, Crawfordville, Florida 32327, and to R. Craig Mayfield, Esq., Eliot B. Peace, Esq., and Brian A. Wahl, Esq., *counsel for Co-Defendants Centurion of Florida, LLC, Elliot E. Perez-Lugo, M.D., and Errol E. Campbell, M.D.*, via email at cmayfield@bradley.com, epeace@bradley.com, bwahl@bradley.com.

*/s/ Jadie R. Mims, IV*
Richard E. Ramsey, Esquire
Florida Bar No. 715026
Jadie R. Mims IV, Esquire
Florida Bar No. 1002318
*Wicker Smith O'Hara McCoy & Ford, P.A.*
*Attorneys for Francis D. Ong, M.D.*
50 N. Laura St., Suite 2700
Jacksonville, FL   32202
Phone: (904) 355-0225
Fax: (904) 355-0226
JAXcrtpleadings@wickersmith.com

## LOCAL RULE 7.1(F) CERTIFICATION:

Counsel for Francis D. Ong, M.D. hereby certifies that this Response and supporting Memorandum of Law contains fewer words than the 8,000 word limit set forth by this Local Rule.