IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

WILBERT HURST,

    Plaintiff,

v.                                      CASE NO. 4:18cv237-RH-EMT

CENTURION OF FLORIDA, LLC
et al.,

    Defendants.

_____/

## ORDER ON THE MOTION TO
## DISMISS FOR FAILURE TO EXHAUST

The plaintiff Wilbert Hurst is a Florida prisoner who asserts an egregious and harmful delay in appropriate treatment for his broken hand. One defendant, licensed practical nurse Kristina M. Zebley, has moved to dismiss for failure to exhaust administrative remedies. This order denies the motion on the broken-hand claim because Mr. Hurst fully exhausted that claim. But this order dismisses any separate claim for denial of medicine for an unrelated condition. Mr. Hurst did not exhaust—or even begin the administrative process—on any such claim.

I

The operative pleading is the third amended complaint. It alleges that Mr. Hurst broke his hand while an inmate in the Florida Department of Corrections. The defendant Centurion of Florida was the contracted medical provider for the facility. Mr. Hurst obtained an appropriate diagnosis and surgery, but only after egregious and unexplained delays, and he never received all the physical therapy the surgeon and others said was needed.

The record establishes that Mr. Hurst fully exhausted his administrative remedies on this claim, including by submitting both a medical grievance to the warden and an appeal to the Secretary of the Department of Corrections. The warden and Secretary responded on the merits, denying that Mr. Hurst's treatment was improper.

Four defendants—Centurion, its regional medical director, the facility's medical director, and the surgeon—answered the third amended complaint and moved for summary judgment. A separate order granted summary judgment for the surgeon but not for the others; for them, the record presents a genuine dispute of material fact.

When he filed the third amended complaint, Mr. Hurst was not aware of Ms. Zebley's identity. He denominated her as a Jane Doe defendant, but she has since been identified. She was served with process later than the four defendants who

moved for summary judgment and did not join their motion. Instead, she moved to dismiss for failure to exhaust. The motion is before the court on the magistrate judge's report and recommendation, ECF No. 139, which does not address exhaustion but instead concludes that the third amended complaint fails to state a claim against Ms. Zebley on which relief can be granted.

II

The third amended complaint alleges that Ms. Zebley had a role in the delayed treatment of the broken hand, though not as large a role as the other defendants. The allegations include the following. Mr. Hurst injured his hand in a fight. This led to placement in administrative confinement. Ms. Zebley rounded on inmates in confinement, including Mr. Hurst. He told her that his hand was swollen and painful and that he believed it was broken. She gave him a sick-call request form, which he filled out and returned, but he did not get a sick-call appointment, and the form did not make it into his file. The third amended complaint alleges, in substance, that Ms. Zebley did nothing to evaluate or treat Mr. Hurst's hand or to arrange evaluation and treatment by others.

A nurse violates the Eighth Amendment when the nurse decides, for reasons unrelated to proper medical care, not to provide or arrange appropriate treatment for a serious medical need. *See, e.g.*, *Estelle v. Gamble*, 429 U.S. 97 (1976)

(holding that a correctional official violates the Eighth Amendment when the official is deliberately indifferent to a prisoner's serious medical need).

Liability can be imposed only on a showing of at least deliberate indifference. This is a high bar. Disagreements about the proper treatment are not enough. Even medical negligence—malpractice in popular jargon—is not enough. And delay ordinarily is not enough. Here, though, the third amended complaint alleges egregious delay and an adverse effect on the outcome. The third amended complaint alleges Ms. Zebley was involved only in the early portion of the delay, but this was still a significant part of the whole. And in any event, a nurse cannot properly ignore a broken bone for a week or 10 days, secure in the knowledge that it will soon be someone else's problem. That may not be what happened, but that is, in substance, what the third amended complaint alleges. The third amended complaint states a claim on which relief can be granted against Ms. Zebley.

III

Under the law of the circuit, the defense of failure to exhaust administrative remedies is properly presented by a motion to dismiss. *See Bryant v. Rich*, 530 F.3d 1368, 1375 (11th Cir. 2008). The court must address the motion in two steps, first deciding whether dismissal is proper even when the plaintiff's allegations are accepted as true, and if not, resolving any factual disputes based on the record. *See Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008)

Florida Administrative Code chapter 33-103 establishes a three-step process: informal grievance, formal grievance, and appeal to the Secretary. For a medical issue, the first step can be skipped; proper exhaustion requires only a formal grievance and an appeal to the Secretary.

The record establishes without genuine dispute that Mr. Hurst fully exhausted his claim of unconstitutional treatment of his broken hand. He submitted both a formal grievance and an appeal making clear the substance of his complaint. The warden and Secretary responded on the merits.

To be sure, the grievance and appeal did not identify Ms. Zebley. He did not know her name. But identifying her was not required. *See Parzyck v. Prison Health Ser*vs*., Inc.*, 627 F.3d 1215, 1218 (11th Cir. 2010) ("A prisoner need not name any particular defendant in a grievance in order to properly exhaust his claim."); *Brown v. Sikes*, 212 F.3d 1205, 1208 (11th Cir. 2000). The "exhaustion requirement is designed to 'alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued . . . .' " *Parzyck*, 627 F.3d at 1219 (quoting *Jones v. Bock*, 549 U.S. 199, 219 (2007)). The point is to bring an alleged problem to the attention of the proper authorities, ordinarily including both the warden and Secretary, so that they may look into the situation.

Mr. Hurst's grievance and appeal did that. Any reasonable inquiry into Mr. Hurst's allegations would have encompassed the entire treatment of—and the

delay in treatment of—his hand injury, including by Ms. Zebley while Mr. Hurst was in administrative confinement. Nothing more was required. *See, e.g.*, *Goldsmith v. White*, No. 5:04cv72-RH/WCS (N.D. Fla. Feb. 28, 2005) (addressing the level of detail required for proper exhaustion by a Florida prisoner).

IV

The same is not true for Mr. Hurst's allegation that Ms. Zebley failed to deliver medication prescribed for an entirely different condition. The grievance and appeal would not have alerted the warden and Secretary to that allegation. The undisputed facts establish that Mr. Hurst did not properly exhaust any claim based on this allegation.

V

For these reasons,

IT IS ORDERED:

Ms. Zebley's motion to dismiss, ECF No. 134, is denied.

SO ORDERED on April 8, 2021.

                                                  s/Robert L. Hinkle
                                                United States District Judge